UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF INDIANA

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION
14 AUG 21 PM 1:44
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

Larry G. Philpot )
)
)
)
Plaintiff )
) Cause Action No.:
)
) 1:14-cv-1377 LJM-MJD
v. )

Everything Brooklyn Media, )
LLC )
)

Defendant

# COMPLAINT JURISDICTION AND VENUE

1. This copyright infringement action arises under 17 U.S.C. § 101 et seq. This Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1338 (acts of Congress related to copyright).

2. This Court has personal jurisdiction over the all the Defendants by virtue of their transacting, doing, and soliciting business in this District, and because a substantial part of the relevant events occurred in this District and because a substantial part of the property that is the subject of this action is situated here.

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because the named plaintiff resides in this district and because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; and/or conduct business in this district.

## PARTIES

4. The Plaintiff, Larry G. Philpot is a professional photographer who works exclusively with concert events across the U.S. and lives in Indianapolis, Indiana.

5. Defendant, Everything Brooklyn Media LLC is believed to be the parent company of The Brooklyn Daily Eagle, operating the domains www.brooklyneagle.com, and located in New York, NY and conduct business in this district.

## FACTS

6. On October 4, 2009, the Plaintiff, Larry Philpot, a United States citizen, took a photograph of entertainer Willie Nelson in performance in St. Louis, MO.

7. The photograph is an original work that is copyrighted under United States law with the United States Copyright Office on September 5, 2012 with the Certificate Number VAu 1-132-411. A copy of the photo is attached as Exhibit A, hereinafter referred to as "Nelson Photo"

8. The Nelson Photo was first published on the World Wide Web May 31, 2011 to the Wikipedia website, The original full size photo is referenced at http://en.wikipedia.org/wiki/Willie_Nelson#mediaviewer/File:Willie_Nelson_at_Farm_Aid_2009_-_Cropped.jpg and attached as Exhibit A

9. On August 2, 2013, the Plaintiff, Larry Philpot, a United States citizen, took a photograph of entertainer Chris Daughtry in performance in Indianapolis, IN.

10. The photograph is an original work that is copyrighted under United States

law with the United States Copyright Office on August 15, 2013 with the Certificate Number VAu 1-164-624. A copy of the photo is attached as Exhibit A, hereinafter referred to as "Daughtry Photo"

11. The Daughtry Photo was first published on the World Wide Web September 12, 2013 to the Wikipedia website, The original full size photo is referenced at https://commons.wikimedia.org/wiki/File:Daughtry_2013.jpg and attached as Exhibit A

12. In an effort to increase his marketability and reputation, and to gain more work, on May 31, 2011 Plaintiff agreed to make the Nelson photograph generally available through Wikimedia for distribution, public display, and public digital performance under the Creative Commons Attribution 2.0 Generic license (often abbreviated as CC BY 2.0),

13. In an effort to increase his marketability and reputation, and to gain more work, on September 12, 2013 Plaintiff agreed to make the Daughtry Photo generally available through Wikimedia for distribution, public display, and public digital performance under the Creative Commons Attribution 3.0 Generic license

(often abbreviated as CC BY 3.0)

14. The restrictions of Section 4 of CC BY 2.0 and CC BY 3.0 require the licensee to (a) reference CC BY 2.0, or CC BY 3.0, whichever applies, with every copy of the photograph used (the "share alike" provision) and (b) provide attribution in the manner specified by the author, which is required to be: "Photo by Larry Philpot, www.soundstagephotography.com. A copy of the license and attribution requirement is attached as Exhibit B.

15. Since September 5, 2012, the Plaintiff has either published or licensed for publication all copies of the Nelson Photo in compliance with the copyright laws and has remained the sole owner of the copyright.

16. Since September 12, 2013, the Plaintiff has either published or licensed for publication all copies of the Daughtry Photo in compliance with the copyright laws and has remained the sole owner of the copyright.

## COUNT I

## *COPYRIGHT INFRINGEMENT*
## *AND UNFAIR COMPETITION*

17.  The Defendant created the website www.brooklyneagle.com to place articles, attract viewers and sell banner advertising both directly and through third parties.

18.  Upon information and belief, the Defendant downloaded or took the Nelson Photo and the Daughtry Photo from the internet without the Plaintiff's Knowledge, using it on the Defendant's website without the required attribution.

19.  In February, 2014 the Plaintiff discovered through the computer program "Copyright Infringement Finder" that the website of the Defendant contained both the Nelson Photo and the Daughtry Photo.

20.  Approximately December 26, 2013, the Defendant used the Daughtry photo to illustrate well known people who were born on that day. The Defendant incorrectly credited the Daughtry Photo to "Wikipedia", failing to credit the author as specifically required by the Creative Commons 3.0 SA License.

21. The attribution must read, "Photo Credit: Larry Philpot, www.soundstagephotography.com . A screenshot of both articles containing the photo are attached as Exhibit C.

22. Approximately April 30, 2013, the Defendant used the Nelson photo to illustrate well known people who were born on that day. The Defendant incorrectly credited the Nelson Photo to "Wikipedia" but failed to confer credit to the owner as specifically required by the Creative Commons 2.0 License.

23. The attribution must read, "Photo Credit: Larry Philpot, www.soundstagephotography.com . A screenshot of both articles containing the photo are attached as Exhibit C.

24. The incorrect attribution, while better than being omitted, was so vague in its reference to Wikipedia that it was akin to crediting the photo with "downloaded from the internet."

25.     While only the Defendant will know the exact date of first publication, based upon the Plaintiff's investigation, on December 26, 2013, the Defendant began publishing the Daughtry Photo and used the Daughtry Photo for their commercial use without paying for said use, without the required attribution, and without obtaining the necessary authorization for any exception to the license from the Plaintiff.

26.     While only the Defendant will know the exact date of first publication, based upon the Plaintiff's investigation, on April 30, 2013, the Defendant began publishing the Nelson Photo and used the Nelson Photo for their commercial use without paying for said use, without the required attribution, and without obtaining the necessary authorization for any exception to the license from the Plaintiff.

27.     The Defendant knew that the Defendant did not own either the Nelson Photo or the Daughtry photo, and knew the Defendant had not obtained the rights to publish either photo, had not complied with the Attribution Requirements specifically set forth in the license, and by omission of same, concealed the true owner and copyright holder from the public.

28. The Defendant had not paid anyone for the right to publish the Nelson Photo, but instead falsely held out to the public that the Defendant had a license to the Nelson Photo, by listing that all content on Defendant's website were Copyrighted by Defendant's website.

29. The Defendant had not paid anyone for the right to publish the Daughtry Photo, but instead falsely held out to the public that the Defendant held license to the Daughtry Photo, by listing that all content on Defendant's website were Copyrighted by Defendant's website.

30. After discovering the copyright infringements, on both February 22, 2014 and again on March 31, 2014, the Plaintiff notified the Defendant in writing to Cease and Desist the infringement, and listed four (4) URLs where the images were visible, and demanded that the images be removed and the Defendant pay for the unauthorized past use of the both the Nelson Photo and the Daughtry Photo.

31. The Defendant removed only two of the four instances of the photos, while two other instances of the photos are still on the Defendant's website at the drafting of this Complaint, and Defendant refuses to pay for the unauthorized uses of the Photos.

32. The Defendant has engaged in unfair trade practices and unfair competition in connection with its publication of the Nelson Photo and Daughtry Photos, thus causing irreparable damage.

33. Plaintiff has complied in all respects with 17 U.S.C. §§ 101 et seq., and secured the exclusive rights and privileges in and to the copyrights of the above-referenced works.

34. Plaintiff has been and still is the sole proprietor of all rights, title, and interest in and to the copyrights in their respective works as referenced above.

35. Defendant's conduct violates the exclusive rights belonging to Plaintiff as owner of the copyrights, including without limitation Plaintiff's rights under 17 U.S.C. § 106.

36. On information and belief, Plaintiff alleges that, as a direct and proximate result of their wrongful conduct, Defendant has realized and may continue to realize profits and other benefits rightfully belonging to Plaintiff. Accordingly, Plaintiff seek an award of damages pursuant to 17 U.S.C. §§ 504 and 505.

37. Defendant's infringing conduct has also caused and is causing substantial and irreparable injury and damage to Plaintiff in an amount not capable of determination, and, unless restrained, will cause further irreparable injury, leaving the Plaintiff with no adequate remedy at law.

38. The Defendant has willfully and deliberately engaged in, and, is willfully engaging in, the acts complained of with oppression, deceit, and malice ("Acts") and in conscious disregard of the rights of Plaintiff. Plaintiff is, therefore, entitled to the maximum statutory damages allowable.

39. Examples of these willfully and deliberately Acts, include but not limited to the following:

  a. The Defendant downloaded or took the Nelson Photo and the Daughtry Photo from the internet and included said photos on the Defendant's website.

  b. Both the Nelson Photo and Daughtry Photo are still visible and on the Defendant's website.

  c. Defendant failed to accurately designate the attribution required for both the Nelson Photo or the Daughtry Photo, or otherwise confer

   credit to the owner as was required, and has not complied with the Cease and Desist letter.

 c. The Defendant willfully and falsely asserted that the Defendant owned the copyrights of all content, images and photos contained in the Defendant's website including Nelson Photo and the Daughtry Photo with Defendant's Copyright notice on the bottom of each page.

 d. The Defendant did not pay Plaintiff for the improper use of either the Nelson Photo or the Daughtry Photo.

40. As a consequence of this dispute between the parties as to the rights, title, and interest in the copyrighted articles described above, and pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, Plaintiff also seeks resolution of this ongoing controversy by a declaration of this Court as to the rights of the respective parties in this matter.

THEREFORE, Plaintiff prays for judgment against Defendants as follows:

 a. Declaring that Defendants' unauthorized conduct violates Plaintiff's rights under common law and the Federal Copyright Act;

 b. Immediately and permanently enjoining Defendant, their officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with Defendant from copying and republishing any of

      Plaintiff's copyrighted material without consent or otherwise infringing Plaintiff's copyright or other rights in any manner;

c. Ordering Defendants to account to Plaintiff for all gains, profits, and advantages derived by Defendant by their infringement of Plaintiff's copyrights or such damages as are proper, and since Defendant intentionally infringed on plaintiff's copyright after receiving a Cease and Desist notification, for the maximum allowable statutory damages for each violation;

d. Awarding Plaintiff actual and/or statutory damages for Defendants' copyright infringement in an amount to be determined at trial;

e. Awarding Plaintiff their costs, reasonable attorneys' fees, and disbursements in this action, pursuant to 17 U.S.C. § 505; and

f. Awarding Plaintiff such other and further relief as is just and proper.

Respectfully Submitted:

Date: August 8, 2014

_____
Larry G. Philpot

Larry G. Philpot, Pro Se,
8125 Halyard Way
Indianapolis, Indiana 46236
(317) 567-1338
 Larry@BehindTheMusic.net

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2014, a copy of the Complaint was filed with the Court. Notice of this has been sent to the following parties by United States Overnight mail, postage paid.

Mr. Robert Clarida
**Reitler Kailas & Rosenblatt LLC**
885 Third Avenue, 20th Floor
New York, NY 10022

_____, pro se
Plaintiff
8125 Halyard Way, 1st Floor
Indianapolis, IN 46236
317-567-1338
Larry@behindthemusic.net